**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000104
31-AUG-2018
11:10 AM**

NO. CAAP-15-0000104

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


IN THE MATTER OF THE TRUST AGREEMENT
DATED JUNE 6, 1974, AS AMENDED
(TRUST NO. 14-1-0019)

and

IN THE MATTER OF THE TRUST AGREEMENT
DATED JUNE 6, 1974, AS AMENDED
(TRUST NO. 14-1-0097)


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT


SUMMARY DISPOSITION ORDER
(Fujise, Presiding Judge, Reifurth, J., and
Circuit Court Judge Crabtree, in place of
Ginoza, C.J., Leonard and Chan, JJ., recused.)

Petitioner-Appellant Association of Apartment Owners of Discovery Bay (AOAO) appeals from the "Order Denying Petition of Association of Apartment Owners of Discovery Bay for Order Instructing Trustee Bank of Hawaii to Sell the Fee Simple Reversionary Interest in the Trust Estate," (Order Denying the AOAO Petition) entered on September 22, 2014, and the "Final Judgment," entered on February 23, 2015, both by the Circuit Court of the First Circuit (Circuit Court).[1][2]

---

[1]     The Honorable Derrick H.M. Chan presided.

[2]     A discussion of the facts in this case may be found in our decision in the companion case, In re Trust Agreement dated June 6, 1974, as amended, 142 Hawai'i 484, 421 P.3d 692, CAAP-15-0000632, 2018 WL 3199232 at *1 (App. Jun. 29, 2018) (mem).

On appeal, AOAO contends that the Circuit Court erred when it (1) found that AOAO's proposed instruction to Trustee Bank of Hawaii (BOH) to sell the reversionary interest did not conform with the stated purposes of the Trust Agreement, and (2) denied the "Petition of [AOAO] for Order Instructing Trustee [BOH] to Sell the Fee Simple Reversionary Interest in the Trust Estate" (Petition).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues they raised, we resolve AOAO's points of error as follows and affirm.

The construction of a testamentary trust is a question of law which the appellate court reviews under the right/wrong standard. Trust Created Under the Will of Damon, 76 Hawai'i 120, 123-24, 869 P.2d 1339, 1342-43 (1994).

> When construing a trust, [the appellate court] is guided by principles relating to the interpretation of trusts as well as those relating to the interpretation of wills. A fundamental rule when construing trusts is that the intention of the settlor as expressed in a trust instrument shall prevail unless inconsistent with some positive rule of law. Additionally, in construing a trust document to determine the settlor's intent, the instrument must be read as a whole, not in fragments.
>
> In re Lock Revocable Living Trust, 109 Hawai'i 146, 151-52, 123 P.3d 1241, 1246-47 (2005) (internal quotation marks and citations omitted).

In re Estate of Damon, 109 Hawai'i 502, 511, 128 P.3d 815, 824, (2006).

In the instant case, the Trust Agreement, dated June 6, 1974,[3] was entered into by Original Settlors, Helen Nahm Choy, Herbert Young Cho Choy, Toyoko Ishiguro Lucas, Alice Hanako Kodama Yokoyama, Louis Lyman Gowans, Helen Taylor Gowans, Umematsu Watada, Yasu Nakao Watada and Quon Moi Ching Wong; a developer, Mainline-MEPC Properties (Hawaii); and the Trustee, Hawaiian Trust Company, Limited, now BOH by merger. Pursuant to this agreement, the Original Settlors and the developer conveyed their fee simple title to certain lands in Waikīkī to the Trustee

---

[3]    The Trust Agreement was amended three times. References to the Trust Agreement in this opinion shall refer to the original version, unless otherwise specified.

2

to (1) facilitate construction of the Discovery Bay Condominium Project, and (2) administer the trust for the benefit of those with an interest in it.[4]  The trust terminates on December 31, 2039, thereby creating the fee simple reversionary interest at issue.

In 2005, AOAO began acquiring beneficial interests in the Trust and now holds the interests previously held by Helen Nahm Choy, Umematsu Watada, Yasu Nakao Watada, the developer, and part of the interests previously held by Louis Lyman Gowans, Helen Taylor Gowans, and Quon Moi Ching Wong, for a total of approximately 53% of the square footage of the Discovery Bay Condominium Project.

In its Petition, AOAO argued that it, as the majority square-footage beneficiary, could instruct the Trustee to market and sell the fee simple reversionary interest over the objections of the remaining beneficiaries, pursuant to Paragraph 3(b) of the Trust Agreement (Third Amended Version).[5]  AOAO's proposed

_____

[4]     Specifically, the Trust Agreement (Third Amended Version) stated, as its purposes:

> (a) The submission of the project site and the improvements to be constructed thereon to a single horizontal property regime.
>
> (b) The construction of one or more buildings by [developer] across the existing common boundaries of the project site.
>
> (c) The efficient and uniform administration of the Settlors' separate interests in the trust estate and in the condominium conveyance documents relating to the apartments of the horizontal property regime.
>
> (d) The determination of valuation through an appraiser or appraisers under the existing leases and the condominium conveyance documents to be hereafter issued.
>
> (e) The distribution of rents received by Settlors under the existing leases and the condominium conveyance documents to be hereafter issued.
>
> (f) The administration of the project upon expiration or earlier termination of the leasehold interest created under said condominium conveyance documents.

Paragraph 1(a) through (f).

[5]     Paragraph 3(b) of the Trust Agreement provides, in relevant part:

> (b)  . . .  Whenever there shall be a disagreement among the Settlors as to the instructions to give the

(continued...)

guidelines for the Trustee included, *inter alia*, the Trustee having "the power and authority" to select an appraiser "in its sole discretion," upon terms and conditions in the Trustee's "sole discretion," for which the Trustee "shall not be required to seek the approval or consent of the beneficiaries of this Trust[.]" AOAO proposed the same guidelines for the Trustee's discretionary selection of a qualified real estate broker, marketing of the reversionary interest, and accepting offers.

A plain reading of the Trust Agreement does not confer upon the Trustee the discretion proposed by AOAO. Paragraph 2 of the Trust Agreement (Third Amended Version) provides:

> 2. <u>Powers and Duties of Trustee</u>. The powers of the Trustee shall be limited to the powers hereinafter expressly provided, and such other incidental powers as are reasonably necessary to accomplish the purposes of the trust. . . .
>
> . . . .
>
> The within grant of powers to the Trustee is intended to confer upon the Trustee the power to perform on behalf of the Settlors <u>administrative and ministerial duties only</u>. . . . <u>Notwithstanding anything herein to the contrary, the Trustee shall have no power to sell or exchange any portion of the trust estate, to invest the income of the trust estate, or to engage in any business enterprise on behalf of the trust estate</u>.

(Emphasis added.) Rather, AOAO's position swallows the explicit provisions limiting the Trustee's powers, as enumerated by the Original Settlors. <u>In re Estate of Damon</u>, 109 Hawai'i at 511, 128 P.3d at 824 ("[I]n construing a trust document to determine the settlor's intent, the instrument must be read as a whole, not in fragments.") (citations omitted).[6]

---

(...continued)
Trustee, the instructions of the Settlors having an interest in the majority of the square footage in the jointly developed parcel shall be conclusively binding upon all parties hereto; provided, that except as herein set forth, nothing herein shall authorize nor be deemed to authorize the Trustee to act in any manner in which shall impair, modify and waive any beneficial right of the Settlors or any one of them in the existing leases described in Exhibit A, except upon the unanimous consent of all representatives.

Exhibit A contained a description of the parcels held by the Original Settlors that were leased to the developer.´

[6] We additionally note that it does not appear, nor do any of the parties argue, that emergency circumstances exist which would permit deviation

(continued...)

AOAO's proposals also appear to contradict Paragraph 12 (Third Amended Version), which provides that once the Discovery Bay apartment owners' leases expire, the trust shall continue until all buildings are removed from the underlying land, at which time the land shall be subdivided and restored to the Original Settlors' beneficiaries by virtue of the fee simple reversionary interest.

This court also considered AOAO's argument that a current inability to sell the reversionary interest renders void any trust provision prohibiting the sale. We disagree. The cases relied on by AOAO are distinguishable factually and on policy grounds. In fact, in Ass'n of Owners of Kukui Plaza v. City & County of Honolulu, 7 Haw. App. 60, 78, 742 P.2d 974, 985 (1987) this court cautioned, "[w]e strongly emphasize that our holding is strictly limited to the facts in this case."

THEREFORE, IT IS HEREBY ORDERED that the "Order Denying Petition of Association of Apartment Owners of Discovery Bay for Order Instructing Trustee Bank of Hawaii to Sell the Fee Simple Reversionary Interest in the Trust Estate," entered on September 22, 2014, and the "Final Judgment," entered on February 23, 2015, both by the Circuit Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawaiʻi, August 31, 2018.

Andrew V. Beaman,
(Andrew W. Char, Danton S.
Wong, and Adrienne S.
Yoshihara, with him on the
briefs; Chun Kerr),
for Petitioner-Appellant
Association of Apartment
Owners of Discovery Bay.

James K. Mee,
(Robert Bruce Graham, Jr. and
Clara Park, with him on the
briefs; Ashford & Wriston),

Presiding Judge

Associate Judge

Associate Judge

---

(...continued)
from the terms of the Trust Agreement. *Cf.* In re Trust Agreement dated June 6, 1974, as amended, 142 Hawaiʻi 484, 421 P.3d 692, CAAP-15-0000632, 2018 WL 3199232 at *1 (App. Jun. 29, 2018) (mem.) (holding that emergency circumstances existed permitting the probate court to deviate from the terms of the same Trust Agreement at issue in the instant case); see also Hawaiian Trust Co. v. Breault, 42 Haw. 268, 271-73 (Haw. Terr. 1958).

for Respondents-Appellees
Susan Sheetz and Patricia
Sheetz Bow.

Douglas C. Smith,
(Christopher J.I. Leong with
him on the briefs; Damon Key
Leong Kupchak Hastert),
for Respondent-Appellee
Kevin I. Yokoyama, as Trustee
of the Kevin I. Yokoyama Trust
and the Irvine K. Yokoyama,
Jr. Trust.

Blake W. Bushnell
(Corey Y.S. Park with him on
the briefs),
for Respondents-Appellees
Julie G. Henderson, Trustee of
the Julie G. Henderson
Irrevocable Trust, Jean K.
Gowans Irrevocable Trust, and
Louis L. Gowans, Jr.,
Irrevocable Trust; and
Richard L. Gowans, Trustee of
the Richard L. Gowans
Irrevocable Trust.

Vincent A. Piekarski and
Johnathan C. Bolton,
for Respondent-Appellee Bank
of Hawaii, as Trustee.